**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240511-U

Order filed September 2, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| SBC WASTE SOLUTIONS, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-24-0511 |
| | ) | Circuit No. 20-L-90 |
| CHRISTOPHER FLOOD, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Bonnie M. Wheaton and Bryan S. |
| | ) | Chapman, |
| | ) | Judges, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Hettel and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*: The trial court erred in finding that the plaintiff offered sufficient facts to avoid dismissal under section 2-615 (735 ILCS 5/2-615 (West 2020)) because we hold that the dissenter's rights provisions of the Illinois Business Corporation Act of 1983 (805 ILCS 5/11.65, 11.70 (West 2020)) are inapplicable here. We reverse the denial of the motion to dismiss and remand the cause to the trial court.

¶ 2        In relevant part, the plaintiff filed a complaint seeking relief under the dissenter's rights provisions of the Illinois Business Corporation Act of 1983 (805 ILCS 5/11.65, 11.70 (West 2020)). The defendant filed a motion seeking partial dismissal of the complaint pursuant to section

2-615 (735 ILCS 5/2-615 (West 2020)). He argued that the plaintiff was not entitled to the relief requested because it failed to fulfill the statutory requirements in the Act. The trial court denied the motion, finding that the complaint alleged sufficient facts to create a factual question about whether it alleged a valid demand for dissenter's rights relief under the Act. We reverse the denial of the motion to dismiss and remand the cause to the trial court for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        In January 2020, the plaintiff, SBC Waste Solutions, Inc., filed a replevin action in the Du Page County circuit court, seeking to recover three garbage trucks from defendant Christopher Flood. An evidentiary hearing was held, and the trial court found that SBC was the equitable owner of the trucks. SBC filed an amended complaint in June 2020, adding Count III, which sought recovery of Flood's minority shares in the corporation under sections 11.65 and 11.70 of the Act (805 ILCS 5/11.65, 11.70 (West 2020)). Citing section 11.65, SBC claimed that Flood's dissent from a corporate action triggered its right to purchase his shares. Later that month, SBC sought the appointment of an appraiser to assess the fair value of Flood's corporate shares as part of the dissenter's right action.

¶ 5        Flood answered the amended complaint and made two additional filings. In one of those two filings, he sought dismissal of Count III under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). He argued that the count should be dismissed with prejudice because SBC had failed to assert qualifying corporate action under section 11.65 of the Act and failed to fulfill the procedural requirements mandated in section 11.70. Flood also filed a response opposing SBC's motion to appoint an appraiser to determine the fair value of his shares, again arguing that SBC failed to assert the statutory prerequisites needed to obtain control of his minority

2

shares. On September 1, 2020, the trial court denied Flood's motion to dismiss under section 2-615 and continued SBC's motion to appoint an appraiser.

¶ 6        As requested by the trial court, the parties submitted lists of proposed appraisers in early 2021. Discovery issues arose between the parties, and SBC filed a motion to confirm that the appraiser would value Flood's shares as of May 31, 2019, and to clarify the trial court's February 3, 2021, order to establish that no subsequent business records would be discoverable. Flood countered that the date selected was incorrect. On May 10, 2021, the trial court granted SBC's motion and clarified its discovery order, setting May 31, 2019, as the date to be used for valuing Flood's shares.

¶ 7        An appraiser was appointed pursuant to section 11.70 of the Act (805 ILCS 5/11/70(g) (West 2020)), and he submitted a report dated September 18, 2023. That report set "the fair value of a 1% equity interest in SBC Waste Solutions, Inc., as of May 31, 2019" at $9,800. An evidentiary trial on the value of Flood's shares was set to begin on April 24, 2024, and, with the exception of deposing the appraiser, no further discovery was allowed. The hearing on the value of Flood's shares was subsequently continued.

¶ 8        The trial court directed the parties to submit written closing arguments. In its submission, Flood argued that the appraiser's valuation of his shares was inaccurate because SBC had provided incomplete information and the appraiser had used improper valuation methods. The parties relied on conflicting evidence from copies of handwritten notes on certain stock certificates to argue that Flood owned either 5 or 10 shares of SBC stock.

¶ 9        The trial court entered its written ruling on July 18, 2024. It found that "as of the date of Valuation, Chris Flood owned five shares of SBC stock, representing 5% of the total shares" and adopted the appraiser's valuation of $9,800 per share, making the total value of Flood's shares on

3

May 31, 2019, $49,000. The court also ordered Flood to pay half of the court-appointed appraiser's fee, reducing his award by $25,088.91. The award was further reduced by just over $14,000 to account for damages owed to SBC on its replevin claim. Flood filed a timely notice of appeal.

¶ 10                                                    II. ANALYSIS

¶ 11        On appeal, Flood raises numerous issues. We first address whether the trial court erroneously denied Flood's motion to dismiss Count III of SBC's amended complaint pursuant to section 2-615 (735 ILCS 5/2-615 (West 2020)). Flood's motion to dismiss argued that SBC failed to fulfill the requirements needed to create dissenter's rights and obtain relief pursuant to sections 11.65 (805 ILCS 5/11.65 (West 2020)) and 11.70 (805 ILCS 5/11.70 (West 2020)) of the Act.

¶ 12        A motion to dismiss brought under section 2-615 challenges a complaint's legal sufficiency by asserting that the allegations fail to provide a sufficient factual basis for the cause of action. Dismissal is proper under section 2-615 when, construing the facts in the light most favorable to the plaintiff, "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Project44, Inc. v. FourKites, Inc.*, 2024 IL 129227, ¶ 18. We review a ruling on a section 2-615 motion to dismiss *de novo*. *Id*.

¶ 13        By its express terms, article 11 of the Act governs corporate mergers and consolidations. 805 ILCS 5/11.05-11.75 (West 2020). Indeed, section 11.05 begins by setting forth the "Procedure for merger or consolidation," stating "*Any 2 or more corporations* may merge into one of such corporations or consolidate into a new corporation in the following manner." (Emphasis added.) 805 ILCS 5/11.05 (West 2020).

¶ 14        Count III of SBC's amended complaint did not, however, allege or offer any evidence of a pending corporate merger or consolidation or the involvement of "[a]ny 2 or more corporations." 805 ILCS 5/11.05. It merely asserted a cause of action against Flood, in his individual capacity,

4

under the dissenter's rights provisions of article 11 of the Act. More specifically, SBC petitioned for a valuation of the SBC shares held by Flood so that it could buy out those shares pursuant to section 11.70 of the Act (805 ILCS 5/11.70). Without a qualifying corporate action, section 11.70 relief is unavailable.

¶ 15    Our review of Count III reveals that SBC alleged none of the corporate actions necessary to create a shareholder's right to dissent listed in section 11.65. Those qualifying corporate actions include: "(1) consummation of a plan of merger or consolidation or a plan of share exchange" under certain conditions; "(2) consummation of a sale, lease or exchange of all, or substantially all, of the property and assets of the corporation" outside the regular course of business; "(3) an amendment of the articles of incorporation that materially and adversely affects rights in respect of a dissenter's shares" under certain conditions; and "(4) any other corporate action taken pursuant to a shareholder vote if the articles of incorporation, by-laws, or a resolution of the board of directors provide that shareholders are entitled to dissent and obtain payment for their shares in accordance with the procedures set forth in Section 11.70 or as may be otherwise provided." 805 ILCS 5/11.65(a) (West 2020). Applying the plain language of the statute, in the absence of a corporate merger or consolidation or the specified amendment of the articles of incorporation, the Act is not applicable.

¶ 16    Nonetheless, SBC offers several arguments to support its claim that its pursuit of relief under the dissenter's rights provisions was proper. It argues that Flood continuously dissented from SBC's actions because

> "under Chris Flood's version of events, Chris Flood dissented against virtually every corporate action of SBC. Chris Flood's entire relationship with SBC was a matter of Chris Flood dissenting against SBC's corporate actions, because Chris Flood believed he was

5

entitled to 10% of SBC due to his 'truck driving services', contrary to the understanding of all of the other SBC shareholders, and he constantly demanded to be bought out for $450,000 or some other negotiated figure that was grossly excessive compared to the value of a new company that was deeply in debt at the time."

In addition, SBC maintains that Flood had undertaken a "continuous dissent" because he "was on a mission to undermine the existence of SBC, because Chris Flood was doing the bidding of Flood Brothers," a competing business owned by family members.

¶ 17 We find those arguments unpersuasive. SBC has failed to allege facts supporting the fundamental requirements for seeking relief under article 11 of the Act. It has not attempted to show any qualified corporate action under section 11.65. 805 ILCS 5/11.65. For those reasons, Count III of SBC's amended complaint fails to state a claim upon which relief could be granted, even when we construe the facts in its favor. See *Project44*, 2024 IL 129227, ¶ 18. We hold that the trial court erred in denying Flood's section 2-615 motion to dismiss Count III of the amended complaint when SBC failed to establish the applicability of the Act.

¶ 18                                    III. CONCLUSION

¶ 19 For the reasons stated, we reverse the denial of Flood's partial motion to dismiss, as well as the trial court's subsequent rulings related to dismissed Count III. We remand the cause to the trial court to address any remaining matters pertaining to other counts of the amended complaint.

¶ 20 Reversed and remanded.

6